IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA STEPP and MICHAEL STEPP, on behalf of M.S., | : | CIVIL ACTION NO. **4:CV-12-2290** |
| Plaintiffs | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| THE MID-WEST SCHOOL DISTRICT, | : | |
| Defendant | : | |

| | | |
|---|---|---|
| DIANNA STEPP and MICHAEL STEPP, on behalf of M.S., | : | CIVIL ACTION NO. **4:CV-12-2348** |
| Plaintiffs | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| THE MID-WEST SCHOOL DISTRICT, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.     Background.**

*1.  Civil Action No. 4:CV-12-2290*

On November 18, 2012, Plaintiffs, Dianna and Michael Stepp, on behalf of M.S., a minor student, filed a Complaint, through counsel, pursuant to the Individuals with Disabilities Education Act "(IDEA"), 20 U.S.C. §1400, *et seq*. (Doc. 1).  Plaintiffs are appealing the August 20, 2012 decision of a Special Education Hearing Officer that student M.S., who was found eligible for special education services in June 2011, was not eligible for an Independent Educational

Evaluation paid for by Defendant Midd-West School District under the IDEA. Defendant was served with Plaintiff's Complaint and filed its Answer with Affirmative Defenses. (Doc. 4).

   *2. Civil Action No. 4:CV-12-2348*

On November 23, 2012, Plaintiffs, Dianna and Michael Stepp, on behalf of M.S., a minor student, filed a Complaint, through counsel, pursuant to the IDEA, 20 U.S.C. §1400, *et seq*. (Doc. 1). Plaintiffs are appealing the August 25, 2012 decision of a Special Education Hearing Officer that student M.S., who was found eligible for special education services in June 2011, was only eligible for four hours of compensatory education from Defendant Midd-West School District for the 2011-2012 school year. Defendant was served with Plaintiff's Complaint and filed its Answer with Affirmative Defenses on March 13, 2013. (Doc. 4).

On March 25, 2013, we conducted a Case Management Conference during which the parties indicated that the consolidation of Plaintiffs' Civil Action No. 4:CV-12-2290 case into their Civil Action No. 4:CV-12-2348 case was prudent since both cases dealt with common questions of law and fact, and since consolidation would avoid unnecessary costs, delay and confusion. (Docs. 5 & 6).

On April 4, 2013, Plaintiffs filed a Motion to Consolidate their Civil Action No. 4:CV-12-2290 case into their Civil Action No. 4:CV-12-2348 case. **(Doc. 7)**. On April 10, 2013, Defendant filed a Response to Plaintiffs' Motion to Consolidate and indicated that if fully concurred with Plaintiffs' Motion. (Doc. 8).

As such, we now issue this Report and Recommendation in which we recommend that Plaintiffs' Motion to Consolidate their Civil Action No. 4:CV-12-2290 case into their Civil Action No. 4:CV-12-2348 case be granted.

**II.     Discussion.**

*1. Consolidation of Civil Action No. 4:CV-12-2290 into Civil Action No. 4:CV-12-2348*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

Plaintiffs' two Complaints filed in cases in Civil Action No. 4:CV-12-2290 and Civil Action No. 4:CV-12-2348 have been reviewed, and as detailed above, we agree with the parties and find that they involve common questions of law and fact regarding the August 2012 decisions of a Special Education Hearing Officer with respect to student M.S. violated the IDEA. Defendant in both of Plaintiffs' cases is the same. In fact, as stated, Plaintiffs' Complaints in these two cases raise very similar claims against Defendant under the IDEA.

Accordingly, pursuant to Rule 42(a), we shall recommend that Plaintiffs' unopposed Motion to Consolidate **(Doc. 7)** cases Civil Action No. 4:CV-12-2290 into Civil Action No. 4:CV-12-2348 be granted and that the Court order the consolidation and, that the matter proceed under Civil Action No. 4:CV-12-2348. *See Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.); *James v. Wal*

3

*Mart*, 3:CV-08-1821, M.D. Pa.; *Bradley v. Family Dollar, Inc.*, Civil Action No. 1:CV-10-2299, M.D. Pa.

**III.      Recommendation.**

Based on the above, it is respectfully recommended that, pursuant to Rule 42(a), Plaintiffs' unopposed Motion to Consolidate **(Doc. 7)** cases Civil Action No. 4:CV-12-2290 into Civil Action No. 4:CV-12-2348 be granted. It is also recommended that Plaintiffs' Civil Action No. 4:CV-12-2290 be consolidated into Civil Action No. 4:CV-12-2348, and that Civil Action No. 4:CV-12-2290 be closed. It is recommended that the matter proceed under Civil Action Number 4:CV-12-2348. Additionally, it is recommended that the consolidated case Civil Action No. 4:CV-12-2348 be remanded to the undersigned for further proceedings.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: April 11, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA STEPP and MICHAEL STEPP, on behalf of M.S., | : : : | CIVIL ACTION NO. **4:CV-12-2290** |
| Plaintiffs | : : | (Judge Brann) |
| v. | : : | (Magistrate Judge Blewitt) |
| THE MID-WEST SCHOOL DISTRICT, | : : | |
| Defendant | : | |

| | | |
|---|---|---|
| DIANNA STEPP and MICHAEL STEPP, on behalf of M.S., | : : : | CIVIL ACTION NO. **4:CV-12-2348** |
| Plaintiffs | : : | (Judge Brann) |
| v. | : : | (Magistrate Judge Blewitt) |
| THE MID-WEST SCHOOL DISTRICT, | : : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 11, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all

parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record. The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**


**Dated: April 11, 2013**